

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,211-01

**EX PARTE JEREMY DILLON SPENCER, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. CR-13-8384 IN THE 1ST DISTRICT COURT
## FROM SAN AUGUSTINE COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to burglary of a habitation and was sentenced to thirteen years' imprisonment. The Twelfth Court of Appeals dismissed his appeal for want of jurisdiction. *Spencer v. State*, No. 12-19-00310-CR (Tex. App.—Tyler Oct. 17, 2019)(not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because trial counsel failed to investigate his alibi and failed to investigate his competence and mental health history. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial

court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

This Court remanded this application June 17, 2020, ordering the trial court to obtain a response from counsel. However, the trial court has sent the Court findings without obtaining a response from counsel. The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make supplemental findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: December 9, 2020
Do not publish